**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD OWENS, | Civil Action No. 09-254 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| FRANK PRAVENZARO, et al., | |
| Defendants. | |

**APPEARANCES:**

Richard Owens, Pro Se
City Motel and Tavern, Room 12, 943 US Route 1 South, Avenel, NJ

**COOPER, District Judge**

   Plaintiff, Richard Owens, was incarcerated at the East Jersey State Prison at the time he submitted a complaint alleging violations of his constitutional rights.  Plaintiff submitted an application to proceed in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

   The Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  The complaint will be

dismissed in part.  Plaintiff's excessive force claim will be permitted to proceed.

## BACKGROUND

Plaintiff seeks to sue Frank Pravenzaro, the Sheriff of Somerset County, New Jersey; Charles M. O'Neill, the warden of the Somerset County Jail ("SCJ"); Dr. Ballard, a doctor at the SCJ; and Nurse Reptus-Quinn, a nurse at the SCJ.

Plaintiff, who is currently released from custody, was confined at the SCJ from August 14, 2008, until August 19, 2008, and from September 26, 2008, until October 1, 2008, when he was remanded there to appear at the Somerset County Court House on a motion for a new trial in his criminal case.

Plaintiff receives Social Security disability benefits due to back problems, which require the use of a back brace, and mental health problems, which require medication.

Plaintiff claims that from September 26, 2008, until October 1, 2008, while housed at the SCJ, he mailed legal correspondence; however, he states that the correspondence was "selectively processed and/or mailed out by officials to deter an external investigation into the 'wrongdoings' inflicted against the Plaintiff by officials and medical staff."  (Compl. at 3.)

Plaintiff also inserts a laundry list of claims, which he asserts violated his constitutional rights during his stays at SCJ, including:

2

- deprivation of a walking cane or wheelchair, and the cell was not handicapped accessible
- deprivation of a shower and the shower is not handicapped accessible
- deprivation of access to the law library and access to courts
- deprivation of recreation
- deprivation of telephone use
- deprivation of religious practice
- deprivation of handicapped accessible transport vehicle
- deprivation of a wheelchair while at the courthouse
- deprivation of medical care by an orthopedic regarding back injury sustained en route to SCJ
- deprivation of investigation into a grievance by warden and by Sheriff's Office
- assault by SCJ official on September 29, 2008

(Compl. at 4.)

Following the list, Plaintiff states that in May of 2008 after a parole violation, he was remanded to the Camden County Correctional Facility and classified to the medical unit. In May and June of 2008, Plaintiff's lung collapsed causing him to fall and sustain injuries. (Compl. at 5, ¶¶ 1-3.)

In August of 2008, Plaintiff was transported by Camden County to SCJ for his pro se motion for a new trial. Plaintiff was classified to medical isolation cell, and confined to his cell for 24 hours a day. He was deprived wheelchair access, and cites other deprivations from his list. (Compl. at 5, ¶ 5.)

Plaintiff's motion was rescheduled to September, and on September 26, 2008, Plaintiff was returned to the SCJ, where he again was put in medical isolation. On the day of the transfer, Plaintiff submitted a grievance form alleging that he was intentionally injured during transport. He states that upon

arriving at SCJ, his hand was bleeding, and had severe back pain and leg pain. Plaintiff admits that the hand wound was treated. (Compl. at 5, ¶¶ 6-7.)

Two days later, on September 28, 2008, Plaintiff mailed a criminal complaint to the Somerset County Sheriff, alleging wrongdoings by the Camden County transport. (Compl. at 6, ¶ 8.) He also submitted an in-house grievance to defendant Nurse Quinn, alleging a violation of his rights by medical staff. (Compl. at 6, ¶ 9.)

Between September 26 and September 29, 2008, Plaintiff complained to nursing staff about back pain and sciatica pain. The nurses complained to their supervisor, defendant Nurse Quinn, who complained to her husband, a lieutenant at the SCJ. The lieutenant told Plaintiff to "stop his s\*\*t or he will be sorry." Plaintiff states that soon thereafter, his meals were "tampered" with, and that some meals were missing some items. When he asked about the missing meal items, an officer, listed in the complaint as a "John Doe" defendant, told him to stop bothering the nurses and writing up jail personnel, or he would "f\*\*k [him] up." (Compl. at 6, ¶ 10.)

Plaintiff states that on September 29, 2009, defendant John Doe delivered Plaintiff's meal, and when Plaintiff inquired about missing items, defendant John Doe "viciously kicked the Plaintiff on his left inner thigh that caused severe pain and/or is where

4

the Plaintiff suffers from chronic sciatica nerve damage." Plaintiff asserts that the kick caused "overwhelming pain and suffering." (Compl. at 6, ¶ 11.) Plaintiff did not inform the doctor of being kicked by John Doe, because he feared retaliation. (Compl. at 6, ¶ 12.)

Plaintiff withdrew his motion for a new trial due to severe back and sciatica pain. Plaintiff's complaint to the Sheriff's Office was not investigated. Further, Plaintiff complains that defendant Dr. Ballard did not administer treatment to Plaintiff's back problems. (Compl. at 6, ¶ 12.)

Plaintiff asked to be transported back to Camden County Correctional Facility. Once transported back, he submitted a sick call slip and was seen by the nurse practitioner. He showed the nurse his thigh with the bruise on it, and was prescribed pain killers and muscle relaxers. (Compl. at 7, ¶¶ 13-14.)

Plaintiff asks for monetary and other relief.

## DISCUSSION

**A.    Standard of Review**

The Prison Litigation Reform Act was enacted "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Under 28 U.S.C. § 1915A, a court must dismiss, at the earliest practicable time, actions that are

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining a complaint's sufficiency, the Court must be mindful to construe the facts stated in the complaint liberally in the plaintiff's favor. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A court, while accepting well-pleaded allegations as true, will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The Rule 8 pleading standard:

> can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but .

> . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (internal cites omitted).  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (when assessing complaint's sufficiency, court must distinguish factual contentions — which allege behavior on part of defendant that, if true, would satisfy one or more elements of claim asserted — and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights.  To establish such a violation, a plaintiff must demonstrate that the challenged conduct (1) was committed by a person acting under color of state law, and (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Excessive Force Claim**

Liberally construing the complaint, Plaintiff asserts an excessive force claim against defendant John Doe, stating that that defendant, an officer at the SCJ, had threatened him, and then the next day entered his cell and "viciously kicked" him in

7

the thigh.  Plaintiff states that the kick caused severe pain, and that upon his return to Camden County Correctional Facility, the injury was treated with pain killers and muscle relaxers.

Excessive force claims filed by prisoners fall under the purview of the Eighth Amendment.  To state a claim under the Eighth Amendment, an inmate must allege both a subjective and an objective component.  See Wilson v. Seiter, 501 U.S. 294 (1991). The subjective component requires that the state actor possess a particular state of mind because only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment.  Id. at 297; see Estelle v. Gamble, 429 U.S. 97 (1976).  The test used in determining whether the state actor possessed the requisite state of mind is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citation omitted).  The objective component requires that "the deprivation [be] sufficiently serious." Wilson, 501 U.S. at 298.

To set forth a valid claim concerning excessive force under the Eighth Amendment, a plaintiff must demonstrate that "officials applied force maliciously and sadistically for the very purpose of causing harm, or . . . that officials used force with a knowing willingness that [harm] occur."  Farmer v. Brennan, 511 U.S. 825, 835-36 (1994) (internal quotes and cites omitted).

According to Plaintiff's allegations, defendant John Doe assaulted Plaintiff for the purpose of causing harm, resulting in injuries. Thus, this claim will be permitted to proceed past <u>sua sponte</u> screening.

**D.   Conditions Claims**

Plaintiff lists a number of claims concerning his conditions of confinement while housed at the SCJ. According to the complaint, Plaintiff was housed at the SCJ for six days in August 2008, and then for six days in September 2008. As noted <u>supra</u>, Plaintiff lists these complaints as to his conditions of confinement:  deprivation of a walking cane or wheelchair, and the cell was not handicapped accessible; deprivation of a shower and the shower is not handicapped accessible; deprivation of access to the law library and access to courts; deprivation of recreation; deprivation of telephone use; deprivation of religious practice; deprivation of handicapped accessible transport vehicle; deprivation of a wheelchair while at the courthouse.

It is the Eighth Amendment, applicable to the individual states through the Fourteenth Amendment, that prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.   <u>See Rhodes v. Chapman</u>, 452 U.S. 337, 344-46 (1981). The Eighth Amendment proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."   <u>Helling</u>

9

v. McKinney, 509 U.S. 25, 32 (1993). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. See Wilson, 501 U.S. at 298. A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. See Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. See id. at 347.

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer, 511 U.S. at 835; Wilson, 501 U.S. at 303. An inmate may fulfill the subjective element of such a claim by alleging facts indicating that prison officials knew of such substandard conditions and

10

"acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

Plaintiff here has not alleged facts indicating that there was a substantial risk of harm to his health or safety because of conditions in the SCJ for the 12 days he stayed there. Plaintiff notes that he was housed in medical isolation. Also, although Plaintiff alleges that the SCJ was not entirely handicapped accessible, he does not assert that he suffered any medical problems or was in any physical danger due to the alleged shortcomings. While the conditions described by Plaintiff may not be considered "ideal," Plaintiff has not alleged facts indicating that the conditions were serious, or posed him harm. Plaintiff has not alleged facts showing that he was deprived of food, clothing, shelter, sanitation, medical care, or personal safety. Thus, the claims asserted by Plaintiff, considering his short stays at the SCJ and the fact that he was in medical isolation, do not rise to a level of constitutional deprivation.[1]

Therefore, Plaintiff's conditions of confinement claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff also fails to allege facts indicating a violation of his right to access to courts, as he has not alleged facts indicating any "actual injury" due to the alleged deprivations. See Lewis v. Casey, 518 U.S. 343, 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

**E.   Medical Care Claim**

Plaintiff states that he was denied medical care for back pain and sciatica pain while at the SCJ, i.e., that defendant Dr. Ballard refused to "administer treatment" to his back problems. This claim is examined under the Eighth Amendment, which prohibits cruel and unusual punishment, and requires that prison officials provide inmates with adequate medical care. See Estelle, 429 U.S. at 103-04.  To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

Plaintiff here has not alleged deliberate indifference by Dr. Ballard or any named defendant.  Plaintiff was put in medical isolation at SCJ and examined by the doctor.  Plaintiff's mere disagreement with the treatment provided does not rise to the level of a constitutional violation.  See Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000) (finding prisoner's subjective dissatisfaction with medical care does not in itself indicate deliberate indifference); see also Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Therefore, Plaintiff's medical care claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

12

**F.     Other Claims**

To the extent Plaintiff seeks to base a claim on an alleged failure to investigate a grievance, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." Graw v. Fantasky, 68 Fed.Appx. 378, 383 (3d Cir. 2003) (quotes and cite omitted).  Cf. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, where only allegations concerned failure to respond to letters from prisoner complaining of doctor's treatment decisions); Burnside v. Moser, 138 Fed.Appx. 414, 416 (3d Cir. 2005) (prisoners do not have constitutionally protected right to prison grievance process); Lewis v. Williams, 2006 WL 538546, *7 (D. Del. Mar. 6, 2006) (failure to investigate grievance does not raise constitutional issue).  Thus, the claims against Sheriff Pravenzaro and Warden O'Neill will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### CONCLUSION

Based on the foregoing, Plaintiff's excessive force claim will be permitted to proceed.  Plaintiff's conditions of confinement and medical care claims will be dismissed.

                                                s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  July 23, 2009