**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD OWENS, | : | CIVIL ACTION NO. 09-254 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| FRANK PRAVENZARO, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF** is a pro se prisoner. The Court, by an order dated July 23, 2009, permitted the plaintiff to proceed with the prosecution of several claims contained in the Complaint. (See dkt. entry no. 8, 7-23-09 Order.) When the plaintiff did not appear to actively pursue the action for over a year thereafter, the Court notified the plaintiff on November 9, 2010, that the Complaint would be dismissed under Local Civil Rule 41.1 "unless sufficient reason to the contrary [was] shown". (Dkt. entry no. 22, 11-9-10 Notice.) The plaintiff failed to respond, and thus the Court entered an order dismissing the Complaint on December 9, 2010. (See dkt. entry no. 23, 12-9-10 Order.)

**THE COURT** received correspondence from the plaintiff on October 11, 2012 — almost two years after the Complaint had been dismissed — asserting that he had written to the Court on August 14, 2012, to reopen the action and to be appointed pro bono counsel. (See dkt. entry no. 25, 10-11-12 Pl. Letter.) As

reflected by the Court's docket, the Court received no such request dated August 14, 2012.

**THE PLAINTIFF** wrote to the Court again on November 5, 2012, requesting to reopen the action. (See dkt. entry no. 26, 11-5-12 Pl. Letter.) On November 29, 2012, the Magistrate Judge advised the plaintiff that it was necessary to file a proper motion to reopen. (See dkt. entry no. 29, 11-29-12 Order.)

**THE PLAINTIFF** now moves to reopen the action and for appointment of pro bono counsel. (See dkt. entry no. 30, 12-5-12 Mot.) In support, he argues that (1) he "has mentally decompensated and/or has been committed to three psychiatric hospitals between 2010 and 2011", and (2) the Court should "adopt [an order issued on July 30, 2012] granting the Plaintiff's Application for Pro Bono Counsel in" Owens v. Volunteers of America Delaware Valley-Promise, No. 08-4612, in the Camden Vicinage of this District ("Camden Case"). (Id. at 1-2 (quoted language as stated in original).) He argues further that he:

> suffered from an "exculpatory mental condition" that was beyond his control and the combination of hospitalizations, medical isolations, and antipsychotic medications and so forth, his diseased mind "deprived" his mental ability to litigate his cases and/or he was not of sound mind. And because the Plaintiff could not litigate or adhere to his responsibilities regarding the scheduling order or up-keep of his cases, they were closed.

(Id. at 2 (quoted language as stated in original).)

**THE PLAINTIFF** fails to cite any statutes or case law in support of the part of the motion seeking to reopen the action. The Court construes his request to reopen as being made pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). See Fed.R.Civ.P. 60(b)(1)-(6).

**MOST OF THE RELIEF** provided under Rule 60(b) is either (1) inapplicable, or (2) unavailable because more than one year elapsed from when the Court dismissed the Complaint on December 9, 2010, to when the plaintiff allegedly first wrote to the Court to reopen the action on August 14, 2012. See Fed.R.Civ.P. 60(c)(1) (stating relief available under Rules 60(b)(1), (b)(2), and (b)(3) not available more than one year after order at issue is entered); Fed.R.Civ.P. 60(b)(4)-(5) (concerning judgments that are, inter alia, void, satisfied, discharged, or based on reversed or vacated judgments).

**BUT** Rule 60(b)(6) — which provides for relief from orders for "any other reason that justifies relief" as long as a request is "made within a reasonable time" — is available. Fed.R.Civ.P. 60(b)(6), (c)(1). See Pabon v. Lemaster, 408 Fed.Appx. 508, 509 n.3 (3d Cir. 2010) (stating Rule 60(b)(6) applied when movant filed motion more than one year after entry of judgment at issue). What constitutes a reasonable time under this catchall provision is determined on a case-by-case basis. Biggins v. Snyder, No. 99-112, 2008 WL 4219570, at *1 (D. Del. Sept. 15,

2008).  Also, Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (citation omitted); see Greenwich Ins. Co. v. Goff Grp., 159 Fed.Appx. 409, 411 (3d Cir. 2005) (stating Rule 60(b)(6) relief available "under extraordinary circumstances").

**THE PLAINTIFF** would be barred from relying on Rule 60(b)(6) if his goal is to circumvent the one-year deadline set forth for Rule 60(b)(1), which provides for relief based on a showing of "excusable neglect".  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993); see also Frost v. Subramanian (In re Subramanian), 245 Fed.Appx. 111, 117 (3d Cir. 2007) (stating "[r]elief under 60(b)(6) is only available where the other subsections of Rule 60(b) do not apply").  But the plaintiff's argument in support of the request to reopen arguably falls under Rule 60(b)(6).  See DeMatthews v. Hartford Ins. Co., 402 Fed.Appx. 686, 688 (3d Cir. 2010) (approving district court's decision to construe argument concerning mental incompetence as being under Rule 60(b)(6)); Bruton v. Williams, No. 03-224, 2005 WL 1385140, at *1-3 (D. Del. Mar 31, 2005) (addressing motion to reopen based on mental incompetence under Rule 60(b)(6)).

**THE PLAINTIFF'S ARGUMENT** that mental incompetence prevented him from "litigat[ing] or adher[ing] to his responsibilities" is without merit, as the plaintiff was required to do nothing more

than timely advise the Court that he wished to continue with the prosecution of this action.  His argument is belied by the fact that he was able to file papers in the Camden Case on twelve separate occasions while he was still appearing pro se therein between November 9, 2010, i.e., when the Court notified him here that he faced dismissal, and August 14, 2012, i.e., when he allegedly first wrote to the Court to request to reopen the action.  See Owens v. Volunteers of America Delaware Valley-Promise, No. 08-4612, dkt. entry no. 41, 6-16-11 Letter; id., dkt. entry no. 42, 6-23-11 Letter; id., dkt. entry no. 45, 7-13-11 Letter; id., dkt. entry no. 53, 9-19-11 Letter; id., dkt. entry no. 55, 10-27-11 Mot.; id., dkt. entry no. 58, 12-28-11 Letter; id., dkt. entry no. 59, 1-3-12 Letter; id., dkt. entry no. 60, 1-4-12 Letter; id., dkt. entry no. 61, 1-23-12 Pretrial Mem.; id., dkt. entry no. 67, 2-8-12 Letter; id., dkt. entry no. 70, 3-28-12 Response to Mot. for Summ. J.; id., dkt. entry no. 73, 6-13-12 Letter.  The plaintiff was also able to file papers in two other cases during that time.  See Owens v. Mee, No. 09-1249, dkt. entry no. 51, 11-24-10 Letter; Owens v. Cicchi, No. 09-4503, dkt. entry no. 31, 7-12-12 Letter.  The plaintiff makes no allegation that he was prevented from simply corresponding with the Court.  See Pabon, 408 Fed.Appx. at 509 (rejecting claim that movant was hampered by language difficulties, as movant showed that he was capable of filing documents by filing seven

5

motions in the litigation); <u>Bruton</u>, 2005 WL 1385140, at *3 (rejecting argument that plaintiff was mentally incompetent before moving for relief under Rule 60(b), as he had been able to file correspondence previously).  The Court also notes that the plaintiff's claim that he suffered from mental incompetence between 2010 and 2011 fails to explain his lack of activity immediately after the Court permitted the action to proceed in July 2009.  (<u>See</u> 7-23-09 Order.)

**THE APPOINTMENT** of pro bono counsel in the Camden Case is of no moment here, as that appointment was made when the plaintiff faced a motion for summary judgment.  <u>See</u> <u>Owens v. Volunteers of America Delaware Valley-Promise</u>, No. 08-4612, dkt. entry no. 74, 7-30-12 Op. at 3-5.  That is not the situation here.  For the plaintiff to write to the Court that he remained interested in pursuing this action did not require the assistance of counsel.

**AFTER THE COURT** dismissed the Complaint in December 2010, the plaintiff also did not allegedly seek to reopen the action until at least twenty months had elapsed on August 14, 2012.  In view of the ease with which the plaintiff could have informed the Court that he remained interested in prosecuting this action, that delay was not reasonable.  <u>See</u> <u>Moolenaar v. Gov't of V.I.</u>, 822 F.2d 1342, 1348 (3d Cir. 1987) (stating delay of almost two years was not reasonable); <u>Bruton</u>, 2005 WL 1385140, at *2-3 (stating fourteen-month delay was not reasonable).

**THE COURT** will deny the part of the motion seeking to reopen the action.  As a result, the Court will also deny the part of the motion seeking appointment of pro bono counsel as moot.  The Court will issue an appropriate order.

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

Dated:  May 17, 2013